UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


ANDREW GOLDMAN                                    CIVIL ACTION

v.                                                NO. 11-1414

NATIONWIDE MUTUAL                                 SECTION "F"
INSURANCE COMPANY, ET AL.


ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the plaintiff's motion is GRANTED.

**Background**

This lawsuit arises out of a car accident. At 1:30 p.m. on May 22, 2010 Barbara Anderson (an employee of Little Hill Foundation for the Rehabilitation of Alcoholics) was driving a 2010 Chrysler Town and Country westbound on St. Charles Avenue near the intersection with St. Joseph Street in New Orleans. At that same time, Tiffany Jones (an employee of Enterprise Leasing Company or Enterprise Rent-A-Car Company) was driving a 2010 Chevrolet Equinox southbound on St. Joseph Street, near its intersection with St. Charles Avenue;[1] Andrew Goldman was a passenger in the Equinox with Jones. Either Ms. Anderson or Ms. Jones failed to stop at the red

---

[1] Based on the allegations of the complaint, both drivers were operating these cars with the permission of the vehicle's respective owners and during the course of their employment.

1

traffic light at the St. Charles Avenue/St. Joseph Street intersection,[2] causing Jones's Equinox to hit Anderson's Chrysler.

Alleging that, as a passenger in Jones's car, he was injured in the collision caused by Anderson's and Jones's negligence, Andrew Goldman sued the following defendants in state court[3]: Barbara Anderson; her employer, Little Hill Foundation for the Rehabilitation of Alcoholics; its insurer, Philadelphia Indemnity Insurance Company; the owner of the vehicle Anderson was driving and her employer, EAN Holdings, LLC[4]; Tiffany Jones; and Nationwide Mutual Insurance Company, which provided uninsured/underinsured motorist insurance to Goldman. On May 17, 2011, Nationwide, EAN, and Philadelphia Indemnity were served with Goldman's original petition.[5] On June 1, 2011 the plaintiff filed an amended petition in state court; six days later, Jones was served with the amended petition.

On June 15, 2011 EAN Holdings and Tiffany Jones removed the

---

[2]The parties dispute who had the red light.

[3]Goldman seeks to recover for his physical and mental suffering, past and future expenses for medical care, past and future disability, loss of enjoyment of life, past and future loss of wages, fringe benefits, and wage-earning capacity.

[4]Apparently Goldman erroneously sued Enterprise Leasing Company of New Orleans and Enterprise Rent-A-Car Company, which are not viable entities.

[5]While the original petition was released for service upon Tiffany Jones on May 10, 2011, service was not effected on Jones at that time.

suit to this Court, invoking this Court's diversity jurisdiction. In their notice of removal, EAN and Jones assert that the suit has been removed "with the consent of all other named defendants." The next day, Philadelphia Indemnity, Anderson and Little Hill filed a formal consent to the removal. On June 21, 2011 Nationwide filed its consent to the removal. Contending that the defendants' removal was procedurally defective, Goldman now seeks to remand the suit back to state court.

I.

Federal courts are courts of limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir.), cert. denied, 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001). Although the plaintiffs challenge removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447. Any ambiguities are resolved in favor of remand, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed. Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278 (5th Cir. 2007); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

3

II.

A.

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332. The plaintiff does not dispute that the amount in controversy exceeds $75,000 or that the parties are completely diverse.[6]

B.

The plaintiff invokes two grounds for remand, both defects in removal procedure: first, the plaintiff contends that removal was effected in violation of the forum-defendant rule, in light of defendant Jones's Louisiana citizenship; second, the plaintiff contends that defendant Nationwide's failure to timely consent to removal renders this suit subject to remand for failure to comply with the rule of unanimity. Because the Court finds that timely unanimous consent to removal is lacking, the Court does not reach the parties' dispute concerning the application of the forum defendant rule.[7]

---

[6]Indeed, complete diversity is established by the petition: the plaintiff is a citizen of Massachusetts; Barbara Anderson is a citizen of Georgia; Little Hill Foundation is a citizen of New Jersey; Philadelphia Insurance is a citizen of Pennsylvania; EAN Holdings is a citizen of Missouri; Nationwide is a citizen of Ohio; and Tiffany Jones is a Louisiana citizen.

[7]28 U.S.C. § 1441(b) provides that, when removal is based on diversity jurisdiction:

4

A defect in the procedure for removal, if timely asserted, may be grounds for remand. 28 U.S.C. § 1447(c) (providing 30-day window for challenges to procedural defects in removal); <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61 (1996). It is undisputed that the plaintiff's motion to remand, filed three weeks after removal, is timely.

Remand here turns on whether the removing defendants' representation in the notice of removal that all defendants consented to and joined in the removal, notwithstanding Nationwide's consent being filed 35 days after service of the first-served defendants, satisfies the rule of unanimity as applied in the Fifth Circuit. The Court concludes it does not.

28 U.S.C. § 1446(b) creates a 30-day time limit for removal;[8] the 30-day period is mandatory and must be strictly construed. <u>Getty Oil Corp. v. Insurance Co. of North America</u>, 841 F.2d 1254, 1263 (5th Cir. 1988). The "rule of unanimity" applies to removed cases with multiple defendants: Absent exceptional circumstances,

---

> such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

The parties' dispute, which the Court need not resolve, concerns whether Jones was "properly joined and served" within the meaning of Section 1441(b).

[8]Under 28 U.S.C. § 1446(b), a case filed in state court may be removed to federal court if the notice of removal is filed within 30 days of either the defendant receiving a copy of the initial pleading or being served with the summons.

all served defendants must join or otherwise file a written notice of consent to removal before the expiration of the 30-day removal period in 28 U.S.C. § 1446. Id. at 1261-62. Applying the "first-served defendant" rule, the Fifth Circuit requires that all defendants that have been served before removal must consent to removal within 30-days after service of the first-served defendant.[9] Getty Oil, 841 F.2d at 1263 (holding that all served

---

[9]The Court notes that there is a Circuit split regarding application of the "first-served defendant rule", which is the rule of this Circuit, and the "fairness rule." Courts outside the Fifth Circuit generally reject the first-served defendant rule in favor of a last-served defendant rule or "fairness rule". See, e.g., Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202 (11th Cir. 2008)(noting that the trend in recent case law favors the last-served defendant rule); Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 755 (8th Cir. 2001)(endorsing last-served defendant rule); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 532 (6th Cir. 1999)(later-served defendants are entitled to 30-days to remove, and pointing out that "[t]he statutory language [of Section 1446(b)] itself contemplates only one defendant and thus does not answer the question of how to calculate the timing for removal in the event that multiple defendants are served at different times, one or more of them outside the original 30-day period"). The Fourth Circuit has adopted an intermediary position, applying an "each-served" defendant rule. See McKinney v. Board of Trustees of Maryland Community College, 955 F.2d 924 (4th Cir. 1992)(adopting an intermediate rule, which requires that each defendant has 30 days from the time they are served with process to join a timely-filed notice of removal); see also Barbour v. Int'l Union, 640 F.3d 599 (4th Cir. 2011)(on rehearing *en banc*, remanding the case to the district court with instructions to remand the case to state court because no notice of removal was filed within 30 days of the first-served defendant, adhering to "the McKinney Intermediate Rule"). Although the Fifth Circuit approach has been significantly considered by scholars and at times strongly criticized, it is nonetheless binding precedent on this Court. See Howard B. Stravitz, *Recocking the Removal Trigger*, 53 S.C. L. REV. 185, 200 (2002) (discussing multiple-defendant actions). It is undisputed that the Fifth Circuit, though apparently in the

defendants are required to join in petition for removal no later than 30 days from the date on which the *first* defendant was served).  In order for all the defendants to "consent" to the removal, it is not necessary for each of them to sign the original notice of removal, but "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."  Id. at 1262 n.11.

The plaintiff seeks remand of his suit back to state court on the ground that removal was procedurally defective because, at the time the notice of removal was filed by EAN and Jones, defendant Nationwide had also been served, but failed to timely file a consent to removal into the record within the 30-day period provided by 28 U.S.C. § 1446(b).

Here, the record shows that service was first effected on EAN, Philadelphia Indemnity and Nationwide on May 17, 2011, making the deadline for removal June 16, 2011; all served defendants were therefore required to timely file, join in, or otherwise consent to removal by June 16, 2011.  Defendants Jones and EAN removed this lawsuit on June 15.  Defendants Anderson, Little Hill, and Philadelphia Indemnity timely filed their consent to removal the

---

minority, continues to adhere to the "first defendant rule."

next day -- the deadline -- on June 16. But Nationwide did not file its consent to removal until June 21, five days later.

The defendants suggest in their papers opposing remand, invoking no support for their position, that the removing defendants' representation in the notice of removal that "all other named defendants...consent" to removal is itself sufficient to satisfy Section 1446 and the rule of unanimity. The Court disagrees.

In Gillis v. State of Louisiana, the Fifth Circuit acknowledged that Section 1446 does not require each defendant to sign the original removal petition, but held that "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect *and to have the authority to do so*, that it has actually consented to such action." 294 F.3d 755, 759 (5th Cir. 2002)(emphasis in original). Similarly, faced with a factual scenario where one defendant filed a timely notice of removal asserting that the other defendant did not oppose and consented to the removal, although that other defendant had not joined in the removal petition until 51 days after the first defendant had been served, the Fifth Circuit rejected the removing defendant's argument that the timeliness of the consenting defendant's joinder in the remand was irrelevant because the representation of consent contained in the removing petition was sufficient to establish

8

consent. See Getty Oil, 841 F.2d at 1262 n.11 (noting that "while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself....").

Applying Getty Oil and Gillis, district courts have determined that a defendant who does not sign an original notice of removal cannot rely solely on a representation of its consent from removing defendants. Cornella v. State Farm Fire and Cas. Co., No. 10-1169, 2010 WL 2605725 (E.D. La. June 22, 2010)(Engelhardt, J.), a case invoked by plaintiff here, is on point. In Cornella, the first-served defendant, State Farm, was served on March 23, 2010. Id. at *1. The other defendant, Eli, was served on April 2, 2010. Id. State Farm timely removed the suit to Section N of this Court on April 22, 2010; included in the notice of removal was a statement by State Farm that its co-defendant, Eli, had been contacted and consented to removal. Id. Three days after the 30-day limit for removal had expired, Eli filed a notice confirming joinder in removal. Id. The district court granted the plaintiff's motion to remand, determining that State Farm's allegation that Eli had consented to the notice of removal failed to satisfy the requirements of Section 1446. Id. at *2.

Here too, EAN's and Jones's assertion that all defendants had consented to removal fails to satisfy Section 1446, as the Fifth Circuit applies it. See Gillis, 294 F.3d at 759; Getty Oil, 841 F.2d at 1262 n.11 (suggesting that "there [must] be [something]

[i]n the record to 'bind' the allegedly consenting defendant"); see also Spoon v. The Fannin County Community Supervision and Corrections Dept., --- F. Supp. 2d ---, 2011 WL 2582897, at *5 (E.D. Tex. 2011)(collecting cases, and noting that "Getty Oil, and footnote eleven in particular, and its progeny hold that to properly establish consent to removal, a defendant who does not sign an original notice of removal cannot rely solely on a representation of its consent from removing defendants or on any communication between the defendants not timely filed with the court[; r]ather, the removing defendants must also at a minimum unambiguously state that they have been authorized to represent to the court on behalf of the non-removing defendant that the non-removing defendant has consented to the removal"); Snead v. Woodbine Prod. Corp., 2008 WL 4610236 (W.D. La. 2008)(holding that a removing defendant's conclusory assertion that counsel for co-defendant was contacted and consented to removal, without more, provided no basis for binding the co-defendant to the statement in the notice and, therefore, was inadequate); Hammonds v. Youth for Christ USA, 2005 WL 3591910 (W.D. Tex. 2005)(noting that Getty Oil does not require that each defendant sign the notice of removal, but that "each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty day period"); Martinez v. Entergy Corp., 2004 WL 2661815 (E.D. La. 2004)(granting motion to remand, finding that the removal

petition contained no indication that the other defendants authorized the removing defendant to act on their behalf in representing consent to removal and further noting that such representation of consent violated Federal Rule of Civil Procedure 11).

Because removal was procedurally defective,[10] the plaintiff's motion to remand is GRANTED.  The case is hereby remanded to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, July 27, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[10]There is no assertion that exceptional circumstances exist to excuse noncompliance with these procedural requirements. Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002) (emphasis in original) (finding exceptional circumstances cured board's retroactive ratification of consent, given that the board attempted to schedule a meeting before removal period expired, chairman of the board was also a plaintiff, and timely consent was given by an agent who was informally authorized).  Indeed, courts seldom find "exceptional circumstances" sufficient to overcome Getty Oil.  See Casley v. Barnette, No. 04-3349, 2005 WL 517495, at *2 (E.D. La. Feb. 22, 2005)(Engelhardt, J.) (noting that the few district courts that have found exceptional circumstances confronted situations of bad faith, forum manipulation, and lost filings).